THOMAS J. BATA; THOMAS J. BATA and DAVID H. GRAHAM, et al.,
Plaintiffs,

*vs.*

DONALD M. HILL; DONALD M. HILL, JR., et al.,
Defendants.

*New Castle, December 15, 1955.*

*Robert H. Richards, Jr.,* of Richards, Layton & Finger, Wilmington, and *Inzer B. Wyatt* and *Robert MacCrate,* of Sullivan & Cromwell, New York City, for plaintiffs.

*George Tyler Coulson,* of Morris, Steel, Nichols & Arsht, Wilmington, and *Henry Cohen,* New York City, for defendants, Donald M. Hill, Donald M. Hill, Jr.; Donald M. Hill and Donald M. Hill, Jr., as voting trustees; Jan A. Bata and North River Securities Corporation.

*Henry A. Wise, Jr.,* of Wise & Suddard, Wilmington, for defendant, Westhold Corporation.

*William Poole,* of Berl, Potter & Anderson, Wilmington, for Charles Jucker and Hans Berger, individually, as mandatories in accordance with the law of Switzerland, and as a partnership.

No appearance for other defendants.

SEITZ, Chancellor: Plaintiffs applied orally, during trial, for an injunction directing the defendant, Jan Bata, to withdraw a claim filed before the Division for Registration of Securities of the Council for the Restoration of Civil Liberties created by the government of Holland and enjoining him from thereafter filing any new claim to the shares of Dutch Bata originally deposited with the Registration Division by Leader, A. G., the registered corporate owner. Thereafter the facts were developed largely by cables and statements of counsel and I believe the facts necessary to a determination of this application are undisputed and indeed conceded. And so I see no merit to the belated suggestion of defendant's counsel that the matter should not be decided on the present record.

The conceded facts show that Leader, A. G. deposited certain shares of Dutch Bata with the Registration Division as required by the appropriate Royal Decrees. Thereafter and some time this year, defendant, Jan Bata, filed a claim with the Registration Division

wherein he claimed ownership of the Bata shares registered by Leader on the basis of a claimed ownership of Leader.

The litigation in this Court was commenced well over a year ago and during the past several months this Court has gone to great lengths, principally at the request of the defendant Jan Bata, to see that the Leader stock ownership issue between Jan Bata and Thomas Bata (apart from the shares involved in the New York action) was resolved in this one legal proceeding. The Court required the parties to execute instruments conveying to a receiver all of their interest in the duplicate registered certificates of Leader, and to deposit the bearer certificates with this Court. Consequently, there can be no prejudice to either Tom or Jan as to the ownership of the Leader shares on the basis of dealings in Leader during World War II. I say this because whichever one of them is here declared to be the owner of the Leader shares will obtain complete beneficial ownership of both the bearer shares which are in this Court and the so-called duplicate registered shares.

These issues have been posed and this trial has already consumed much time. By making this claim before the Registration Division to shares of Dutch Bata held by Leader on the theory that he owns Leader, Jan Bata seeks to raise once again the very issue which is before this Court. Indeed, one basis of his claim to ownership of Leader is bottomed on the judgment in his favor in the highest Court of Holland. I cannot believe that it is either appropriate or consonant with defendant's whole approach in this Court to permit the same basic issue to be litigated in another form at the same time. I say this assuming, contrary to my own view, that the issue as posed is within the jurisdiction of the Registration Division.

I have examined the Royal Decrees and I do not believe that they are intended to deal with the private disputes of litigants where the rights of those litigants are in no wise based upon events occurring during World War II. This Court would not want to encroach in the slightest on the sovereignty of Holland or on the obvious right and power of its legally created institutions to undo the injustices which took place during World War II. But I am fully persuaded that Jan

Bata's claim, under the present circumstances, is nothing more than an attempt to use the machinery created to rectify wartime wrongs for the purpose of litigating the same issue which is here presented and which on its merits has no connection with events or transactions taking place during World War II.

I therefore conclude that the defendant Jan Bata should withdraw his claim to the shares of Dutch Bata registered by Leader with the Registration Division and should not file a claim therefor. This will in no wise prejudice Jan Bata because the ownership of Leader is the very matter (the Leader shares in the New York action apart) that he along with Thomas Bata has here raised and vigorously litigated.

Nor will the order in any wise interfere with the right and duty of defendant's Dutch counsel to answer any questions which might be raised by the authorities. Indeed, I believe it would be appropriate for Leader and/or the defendant to advise the Registration Division of the reason for the withdrawal of the claim. Before Leader does so it may perhaps want to consult through its counsel with the Swiss Court to avoid any possible charge that by so doing it will be violating the injunction to be neutral which is outstanding in that country.

I therefore conclude that an injunction in the form indicated should issue.

Order on notice.